FILED
CLERK

JGK 05/01/2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

1
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
2
3
----------------------------------X
                                   :
4
UNITED STATES OF AMERICA,          : 16-CR-00355 (ARL)
                                   :
5
                                   : October 31, 2016
                  v.               :
6
                                   : Central Islip, New York
KAREN HUNTER,                      :
7
                                   :
                  Defendant.       :
8
----------------------------------X

9

TRANSCRIPT OF CIVIL CAUSE FOR ENTERING GUILTY PLEA
10
BEFORE THE HONORABLE ARLENE R. LINDSAY
UNITED STATES MAGISTRATE JUDGE
11

12
APPEARANCES:

13

For the Plaintiff:            SETH DAVID DuCHARME, ESQ.
14
                              United States Attorney's Office
                              Eastern District of New York
15
                              610 Federal Plaza
                              Central Islip, New York 11722
16

17
For the Defendant:            RANDI CHAVIS, ESQ.
                              Federal Defenders of New York
18
                              70 Federal Plaza
                              Central Islip, New York 11722
19

20

21

22
Court Transcriber:            SHARI RIEMER, CET-805
                              TypeWrite Word Processing Service
23
                              211 N. Milton Road
                              Saratoga Springs, New York 12866
24

25

Proceedings recorded by electronic sound recording,
transcript produced by transcription service

2

1  (Proceedings began at 2:32 p.m.)

2         THE CLERK:  Calling CR 16-335, <u>United States of</u>

3  <u>America v. Karen Hunter</u>.

4         Would you state your appearances?

5         MR. DuCHARME:  For the United States Seth DuCharme.

6  Good afternoon, Your Honor.  And I'll --

7         THE COURT:  Good afternoon.

8         MR. DuCHARME:  -- I'll also add for the record,

9  Your Honor, that victim notification has been made in this

10  case and that the victim is present in the courtroom.

11         THE COURT:  All right.

12         MS. CHAVIS:  Did you [inaudible]?

13         MALE VOICE:  Sure.  Mr. Randall would like to know

14  [inaudible].

15         MR. RANDALL:  Good afternoon.

16         THE COURT:  Yes, Good afternoon.

17         MR. RANDALL:  Charles Randall.

18         MS. CHAVIS:  Thank you, Your Honor.  Randi Chavis,

19  Federal Defenders, on behalf of Ms. Hunter.

20         THE COURT:  All right.  Am I to understand, Ms.

21  Chavis, that Ms. Hunter is prepared to enter a plea of guilty

22  to an Information?

23         MS. CHAVIS:  Yes, Your Honor, that is correct.

24         THE COURT:  All right.  So let's swear in Ms.

25  Hunter.

3

1          THE CLERK:  Please rise and raise your right hand.

2          (The oath was administered.)

3          THE COURT:  All right, Ms. Hunter, be seated.  I'm

4    going to go through a series of questions with you.  You were

5    provided a form -- well, before I go to that let me just

6    review with you what your rights are with respect to who can

7    take the plea.

8          This matter is assigned to Judge Hurley, he's the

9    District Judge and eventually will be the judge who sentences

10   you on this Information.  But you have a right to have him

11   take your plea, although I understand you've signed the

12   consent form to let me take the plea.  Is that correct?

13         THE DEFENDANT:  That is correct.

14         THE COURT:  All right.  Now, you still go forward

15   with that consent even though you're aware that you can insist

16   on Judge Hurley taking your plea?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  All right.  So I'm going to review with

19   you the allocution.  That's that form that you filled out with

20   the assistance I assume of your attorney.  Do you know what

21   I'm talking about?

22         THE DEFENDANT:  I do.

23         THE COURT:  And it's the form that asked you a

24   series of questions.  I'm going to review that with you on the

25   record.  And now that you've been sworn in your answers are

4

1   subject to the penalties of perjury.  Do you understand?

2           THE DEFENDANT:  I do.

3           THE COURT:  Okay.  So I'm advised that you are here

4   because you want to enter a plea to an Information charging

5   you with a misdemeanor count under Title 18 Section

6   1030(a)(2)(c) and 1030(c)(2)(A), which charges you accordingly

7   that in or about February 2012 within the Eastern District of

8   New York that you did knowingly and intentionally access a

9   computer without authorization and obtain information from a

10  protected computer.

11          Now, that's the charge to which I understand you

12  wish to plead guilty; is that right?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  All right.  So let's go through the

15  allocution then.  All right.  Just for the record can you tell

16  me how old you are, please?

17          THE DEFENDANT:  I am 62 years old.

18          THE COURT:  All right.  And I understand you're a

19  citizen, is that right, of the United States?

20          THE DEFENDANT:  I am.

21          THE COURT:  All right.  So how far did you get in

22  school?

23          THE DEFENDANT:  Graduate degree, Master's.

24          THE COURT:  And you have specifically an MBA?

25          THE DEFENDANT:  Yes, ma'am.

5

1          THE COURT:  All right.  Now at the time are you

2  under the care of any kind of a doctor or psychiatrist,

3  anything like that?

4          THE DEFENDANT:  No, I am not.

5          THE COURT:  And in the last 24 hours have you taken

6  any narcotic drugs, medicines, pills, and had anything to

7  drink?

8          THE DEFENDANT:  No, I have not.

9          THE COURT:  Okay.  You understand the reason I ask

10  that is to make sure your mind is clear.  Is your mind clear

11  today?

12          THE DEFENDANT:  Yes, it is.

13          THE COURT:  Okay.  Have you ever been hospitalized

14  or treated for narcotics addiction?

15          THE DEFENDANT:  No, I have not.

16          THE COURT:  And you do understand what's going on

17  here today?

18          THE DEFENDANT:  I do.

19          THE COURT:  So, Ms. Chavis, have you discussed this

20  matter with your client, Ms. Hunter?

21          MS. CHAVIS:  I have, Your Honor.

22          THE COURT:  And are you satisfied that Ms. Hunter

23  understands the rights she'd be waiving by entering a plea of

24  guilty?

25          MS. CHAVIS:  I am.

6

1              THE COURT:  Do you have any doubt as to her

2     competency to proceed?

3              MS. CHAVIS:  No.

4              THE COURT:  All right.  Ms. Hunter, you have a

5     right, a continuing right to plead not guilty.  Do you

6     understand that?

7              THE DEFENDANT:  I do.

8              THE COURT:  And if you were to continue in your plea

9     of not guilty under the Constitution and laws of the United

10    States you would be entitled to a speedy and a public trial by

11    a jury with the assistance of an attorney at every stage of

12    the proceedings.  Do you understand that?

13             THE DEFENDANT:  I do.

14             THE COURT:  And if you couldn't afford an attorney,

15    as you know one has been appointed for you but the Court would

16    continue to absorb the cost of your counsel.  Do you

17    understand that?

18             THE DEFENDANT:  I do.

19             THE COURT:  And that would be true until the case is

20    completed.  Do you understand?

21             THE DEFENDANT:  I do.

22             THE COURT:  At a trial if you decided to go forward

23    with a plea of not guilty there would be a trial and you would

24    be presumed to be innocent.  And it would be up to the

25    Government to overcome that presumption and establish your

7

1   guilt by competent evidence, and standard proof would be
2   beyond a reasonable doubt.
3           You don't have to prove your innocence.  That's why
4   you have a presumption of innocence and that's why you have no
5   burden at all to prove anything.  And if the Government failed
6   to meet its burden of proof the jury would have no recourse
7   but to find you not guilty.  Do you understand that?
8           THE DEFENDANT:  I do.
9           THE COURT:  You're looking at me in a funny way.
10  Did I say something confusing to you?
11          THE DEFENDANT:  No, ma'am.
12          THE COURT:  Okay.  You understood that then.
13          THE DEFENDANT:  I did.
14          THE COURT:  All right.  In the course of the trial,
15  if there were a trial, the witnesses for the Government would
16  have to come to court and they would be required to testify in
17  your presence.  Your attorney, Ms. Chavis, would have the
18  right to cross-examine the Government's witnesses, she would
19  have the right to object to evidence that the Government might
20  want to offer against you, and if you wanted to offer evidence
21  or compel witnesses to appear on your behalf you could do that
22  as well.  Do you understand that?
23          THE DEFENDANT:  I do.
24          THE COURT:  If there were a trial you would have the
25  right to testify if you wanted to, but you would be under no

8

1   obligation to testify, because under the Constitution you

2   would have a Fifth Amendment privilege not to incriminate

3   yourself so you cannot be forced to testify.  And if you

4   decided you did not want to testify the Court would instruct

5   the jury that that's your Fifth Amendment right and that they

6   could not hold that decision against you.  Do you understand

7   that?

8           THE DEFENDANT:  Yes, ma'am.

9           THE COURT:  However, if you plead guilty and the

10  Court accepts this plea you would be giving up your

11  constitutional right to a trial and the other rights I've

12  described to you.  There'd be no further trial of any kind,

13  there'd be no right to appeal or attack the question of

14  whether or not you were guilty.  A judgment of guilty would be

15  entered on the basis of your plea, and that judgment could not

16  be withdrawn or attacked or undone in any way.  Do you

17  understand that?

18          THE DEFENDANT:  I do.

19          THE COURT:  If you plead guilty I'm going to be

20  asking you questions about what you did in order to satisfy

21  myself that you are in fact guilty of the crime that you are

22  pleading guilty to.  And you'll have to answer those questions

23  and acknowledge your guilt, and in doing so you're clearly

24  giving up your Fifth Amendment right not to incriminate

25  yourself.  Do you understand?

9

1          THE DEFENDANT:  I do.

2          THE COURT:  So are you willing to give up your right

3    to a trial and these other rights I've described to you?

4          THE DEFENDANT:  I am.

5          THE COURT:  In addition, I might point out to you

6    that if you give -- certainly if you enter a plea of guilty

7    you would be giving up your right to the presumption of

8    innocence.  Do you understand that?  The guilty plea would

9    overcome that.  Do you understand that?

10          THE DEFENDANT:  I do.

11          THE COURT:  I understand there's an agreement with

12    the Government, a plea agreement.  Maybe, Mr. DuCharme, if you

13    could just describe it briefly on the record, please.

14          MR. DuCHARME:  Yes, Your Honor.  The plea agreement

15    contemplates a plea to the one-count Information that

16    Your Honor referenced to a misdemeanor charge of unauthorized

17    access of a protected computer.  It provides for a recitation

18    of the maximum and minimum penalties.  Would you like me to

19    walk through the provisions, Your Honor, and [indiscernible]?

20          THE COURT:  No, I'll review the penalty provisions.

21    Essentially that's the agreement then?

22          MR. DuCHARME:  That's correct, Your Honor.

23          THE COURT:  All right.  Ms. Chavis, are those the

24    material aspects of the agreement?

25          MS. CHAVIS:  Yes, Your Honor.

1          THE COURT:  Okay.  All right.  One of the things

2   I'll review with you, which the Government offered to do but I

3   prefer to do, is the penalties that are associated with this

4   count that you're pleading guilty to.  The count that you

5   charged with violating and which you've agreed to plead guilty

6   to carry the following punishment, carries the following

7   punishment.

8          It's up to a maximum term of imprisonment of one

9   year.  There is a minimum term of zero.  There's a maximum

10  supervised release term which would be one year to follow any

11  term of imprisonment.  There's a maximum fine of $100,000.

12  There doesn't seem to be any restitution in this case.

13  There's a mandatory $25 special assessment.

14         So do you understand that those are the maximum and

15  minimum penalties that can be imposed in connection with this

16  plea -- count you're pleading guilty to?

17         THE DEFENDANT:  I do.

18         THE COURT:  All right.  Now, the Government in its

19  plea agreement went over some of its estimates with respect to

20  the sentencing guidelines.  Did you discuss the sentencing

21  guidelines with your attorney, Ms. Chavis?

22         THE DEFENDANT:  I did.

23         THE COURT:  Okay.  And so the Government's estimate

24  is that, given that you're entering a plea, they believe that

25  your sentencing guidelines range would be a six, which would

11

1   carry a range of imprisonment of zero to six months.  Is that
2   what you understood from this agreement?
3              THE DEFENDANT:  I did.
4              THE COURT:  Okay.  I'm not going to read the whole
5   agreement to you, you've read it; correct --
6              THE DEFENDANT:  I did.
7              THE COURT:  -- before you signed it?
8              THE DEFENDANT:  I did.
9              THE COURT:  You reviewed it with Ms. Chavis?
10             THE DEFENDANT:  I did.
11             THE COURT:  Okay.  So I'm just going to highlight
12  this part.  The Government does this estimate just to give you
13  its view of the case, but I think it's important to point out
14  to you that it will be Judge Hurley who ultimately decides
15  what is the correct guideline range in your case.  Do you
16  understand?
17             THE DEFENDANT:  I do.
18             THE COURT:  What will happen is you'll go to
19  Probation and Probation will prepare a report for Judge
20  Hurley's review which will detail your background, your
21  education, your -- the nature of this crime, and all the
22  pertinent details that factor into what might be an
23  appropriate sentencing guideline range in your case.
24             Now, it could be the same as what the Government
25  estimates and it could be different, and it will be up to

12

1   Judge Hurley to decide what that range is.  And if Judge
2   Hurley decides that, based on what he's read and viewed in
3   connection with the submission to him, that there's any need
4   for going above the guidelines or below the guidelines, he has
5   the discretion to do that.  Do you understand?
6           THE DEFENDANT:  I do.
7           THE COURT:  Okay.  The bottom line is there's no
8   certainty that you will be sentenced within the range that the
9   Government estimates.  Do you understand that?
10          THE DEFENDANT:  I do.
11          THE COURT:  So I guess what I'm leading up to is
12  that if the sentence turns out to be harsher than you
13  anticipated because of the Government's estimate here, you do
14  not, cannot use that as a basis to withdraw your plea.  Are
15  you clear on that?
16          THE DEFENDANT:  I am.
17          THE COURT:  Now, I told you that the Government has
18  to prove your guilt beyond a reasonable doubt, and in this
19  case what they would have to prove is that within the Eastern
20  District of New York in or about February 2012 that you
21  intentionally accessed what we call a protected computer, that
22  is a computer that was connected to the interstate commerce
23  and used in interstate commerce, and you did that in order --
24  without authorization and in order to obtain information from
25  the computer.  Do you understand that?  That's what they would

13

1  have to prove beyond a reasonable doubt.

2          THE DEFENDANT:  Can I ask her a question?

3          (Pause)

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Okay.  Now, do you have any questions

6  that you need to ask the Court?  I mean you can review them

7  first with your attorney, but if there's something else that

8  you need to inquire about you should think about that right

9  now.  Is there anything else?

10         THE DEFENDANT:  No, ma'am.

11         THE COURT:  Okay.  Are you willing to go forward

12  with your plea of guilty?

13         THE DEFENDANT:  I am.

14         THE COURT:  I want to bring, point your attention to

15  Item 38 on the plea agreement.

16         Ms. Chavis, could you just bring up that page?  It's

17  page 13 of the plea agreement?  Not the plea agreement, the

18  allocution form.

19         MS. CHAVIS:  I don't -- you have my copy,

20  Your Honor.

21         THE COURT:  Oh, I do?  All right.  So let's get it

22  over to you.

23         Do you have one there, Bob?

24         I just want to ensure that you reviewed those

25  factors with Ms. Hunter.

14

1      MS. CHAVIS:  I did, Your Honor.

2      THE COURT:  Okay.  You see that list there, Ms.

3  Hunter?

4      Oh, did you show it to her?  Oh, give her the

5  allocution form.

6      MS. CHAVIS:  Your Honor, [inaudible].

7      THE COURT:  Okay.  All right.  Then let me ask you,

8  Ms. Chavis, are you aware of any legal reason why the

9  defendant should not be permitted to go forward with her plea

10  of guilty?

11      MS. CHAVIS:  No, Your Honor.

12      THE COURT:  All right.  Ms. Hunter, are you

13  satisfied with your lawyer up to this point?

14      THE DEFENDANT:  I am.

15      THE COURT:  And I take it you're being shown the

16  factors, is that right, right now?

17      THE DEFENDANT:  I'm sorry, ma'am?

18      THE COURT:  Did your attorney just show you that

19  list of factors that I was referring to earlier?

20      THE DEFENDANT:  Yes.

21      MS. CHAVIS:  But just to remind Ms. Hunter,

22  Your Honor, that we previously discussed them.

23      THE COURT:  Okay.  Ms. Hunter, do you believe your

24  lawyer is doing a good job for you?

25      THE DEFENDANT:  I do.

15

1           THE COURT:  All right.  So with respect to the

2   Information charging you with unauthorized access of a

3   computer, how do you plead?

4           THE DEFENDANT:  I plead guilty.

5           THE COURT:  Are you entering that plea of guilty

6   voluntarily and of your own free will?

7           THE DEFENDANT:  I am.

8           THE COURT:  Has anyone threatened or forced you to

9   plead guilty?

10           THE DEFENDANT:  No, ma'am.

11           THE COURT:  On the agreement with the Government,

12   which we have described on the record, has anyone made any

13   promises to you that caused you to plead guilty?

14           THE DEFENDANT:  No.

15           THE COURT:  Has anyone promised you what your

16   sentence will be?

17           THE DEFENDANT:  No.

18           THE COURT:  All right.  Did you then, as described

19   in the Information, on or about February 2012 within the

20   Eastern District of New York and elsewhere, did you knowingly

21   and intentionally access a computer without authorization and

22   obtain information from that protected computer?  Did you do

23   that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  All right.  So tell me in your own words

16

1   what you did.

2          THE DEFENDANT:  In February of 2012 in Suffolk

3   County, New York, I accessed a computer by reading emails in

4   another person's email account.  I knew I did not have

5   permission or authorization to access the emails when I

6   reviewed them.

7          THE COURT:  And did you understand that this was a

8   computer that was connected to the internet?

9          THE DEFENDANT:  Yes.

10          THE COURT:  All right.  Let me hear from the

11   Government on the proof in this case.

12          MR. DuCHARME:  Yes, Your Honor.  If called to trial

13   the Government would prove that in or about February 2012 she

14   obtained credentials that allowed her to access another

15   person's Yahoo email account.  That account was posted on

16   Yahoo servers but contained the personal information of the

17   victim.  And so through these credentials she was able to

18   access that other person's private email and that she did not

19   have permission or authorization to access that information at

20   the time that she did it.

21          In addition, the Government would prove that Yahoo

22   servers and the email facilities that the defendant intruded

23   upon affected interstate commerce in that they facilitated

24   essentially communications outside the state of New York.

25          THE COURT:  What was the relationship between the

17

1  defendant and the person whose account was intruded upon?

2          MR. DuCHARME:  Well, at the very least, Your Honor,

3  it was a relationship where they had differing business

4  objectives, to put it bluntly I think, different visions as to

5  how a certain number of transactions or strategies that

6  spilled into each other's interests might proceed.  And so --

7          THE COURT:  And how did the Government uncover this?

8  How did you come to become aware of the intrusion?

9          MR. DuCHARME:  Well, there were a number of

10  different sources, Your Honor, including witness interviews

11  and the examination of records that were obtained pursuant to

12  subpoena and process in connection with the investigation.

13          THE COURT:  And you were able to trace it back to

14  the defendant's computer, is that how that went?  Or did she

15  go directly to --

16          MR. DuCHARME:  It was not her computer, Your Honor,

17  it was -- essentially she obtained access through a portal

18  initially so she could get credentials basically --

19          THE COURT:  Okay.

20          MR. DuCHARME:  -- that allowed her to see --

21          THE COURT:  To pose as the individual whose account

22  it was?

23          MR. DuCHARME:  Well, essentially, Your Honor, to

24  sign as the other person in the victim's email account --

25          THE COURT:  Okay.

18

1          MR. DuCHARME:  -- using the credentials and to view

2     through that portal what you would normally see or what the

3     victim would see if they log into their own email account.

4          THE COURT:  Okay.  All right then.  Based upon the

5     information I've been given, I find that the defendant is

6     acting voluntarily, that you understand your rights and the

7     consequences of this plea.  I find that there's a factual

8     basis for it, and I accept the plea of guilty to the

9     Information and I will recommend that Judge Hurley do the

10    same.

11          I understand that there's no bail application since

12    there's no bond being requested, or is there?

13          MR. DuCHARME:  That's correct, Your Honor.  The

14    Government concedes to the defendant's release on her own

15    recognizance and is not aware of information that would

16    support a danger to the community or a substantial risk of

17    flight.

18          THE COURT:  All right.  I take it there's no

19    objection to that, Ms. Chavis?

20          MS. CHAVIS:  That's correct, Your Honor.

21          THE COURT:  All right.  So let's her have sign the

22    bond.

23          (Pause)

24          THE COURT:  All right, Ms. Hunter, you're going to

25    be released today, but that doesn't mean you have no further

19

1  obligation to the Court.  There'll be a sentencing date that's

2  going to be set by Judge Hurley.  I don't have one for you

3  today.  He's requested that you go to Probation and they'll

4  notify you when the sentencing date is set.  Your attorney,

5  Ms. Chavis, will be there at the time of sentencing as your

6  attorney in that regard.

7            So just understand that if you fail to appear on the

8  date that's set for sentencing you could risk being faced with

9  another charge of bail jumping, which is a separate charge

10  than the one you just pled guilty to.  Do you understand that?

11            THE DEFENDANT:  I do.

12            THE COURT:  Okay.  Is there anything else I have to

13  address today?

14            MR. DuCHARME:  Nothing from the Government,

15  Your Honor.  Thank you.

16            THE COURT:  Ms. Chavis?

17            MS. CHAVIS:  No, Your Honor.  Thank you.

18            THE COURT:  All right.  Thank you.

19  (Proceedings ended at 2:52 p.m.)

20

21

22

23

24

25

20

1          I certify that the foregoing is a court transcript

2    from an electronic sound recording of the proceedings in the

3    above-entitled matter.

4

5                    _____

6                              Shari Riemer, CET-805

7    Dated: May 1, 2017