


**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SDD
F.# 2012R01329

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 28, 2017

By Hand and ECF

Honorable Arlene R. Lindsay
United States Magistrate
100 Federal Plaza
Central Islip, New York 11722

Re: United States v. Karen Hunter
Criminal Docket No. 16-355 (ARL)

Dear Judge Lindsay:

The government respectfully submits this letter in connection with the defendant's sentencing, which is scheduled for December 5, 2017 at 1:30pm. For the reasons set forth below, and based on the facts set forth in the Presentence Investigation Report ("PSR"), the government respectfully requests that the Court impose a Guidelines range sentence of between zero and six months' imprisonment. Pursuant to the terms of the plea agreement in this case, the government takes no position as to where within the Guidelines range the sentence imposed by the Court should fall.

## I. Background

The defendant's offense conduct occurred in or about February 2012, in connection with the defendant's interest in business activities relating to the Shinnecock Nation, a tribal reservation on Long Island. (PSR ¶ 2). In the summer of 2012, agents of the Federal Bureau of Investigation's Cyber Division learned that an email account belonging to a member of the Shinnecock Nation had been accessed remotely, without the victim's authorization or knowledge, and that emails from the victim's account had been disseminated to other members of the Shinnecock Nation. (PSR ¶ 3). Investigators also obtained a copy of a flier, which was distributed to members of the Shinnecock Nation, which announced that an emergency community meeting was to be held, in order to address controversial business propositions that were purportedly being negotiated by certain members of the tribe. (PSR ¶ 4). The flier included an attachment that summarized the contents of various email communications between the victim and other members of the Shinnecock Nation.

During the course of the investigation, the FBI obtained copies of screen shots of the victim's email account, dated February 12, 2012, which included historical email communications between the victim and others regarding a potential gaming contract between the Shinnecock Nation and a development company. (PSR ¶ 5). The FBI determined that the victim's email account was unlawfully and remotely accessed approximately five times between February 12, 2012 and February 20, 2012, using a web portal that had been created by a third party using sophisticated technical means. The FBI ultimately determined that the defendant in this case gained access to the victim's email account through the use of this web portal. This portal allowed the defendant remote access to the victim's email account, without his knowledge or authorization, and permitted her to view historic emails that were stored in his email account. (PSR ¶ 6). Additional investigation revealed that the victim's email account was accessed four additional times between February and May of 2012, apparently from a computer located at the offices of the Shinnecock Nation Gaming Authority, a location to which the defendant had access. (Id.)

Based on the government's investigation, the defendant herself did not personally employ sophisticated technical means to access the victim's email account, but rather availed herself of the services of a third party and an off-shore company that specialized in providing "hacking" services for compensation. In addition, it is unclear whether the defendant's use of the victim's email communications caused financial injury to the Shinnecock Nation or to any of the parties to the communications; the government is not aware of any direct financial injury arising from the unauthorized access of the victim's email account (such as the use of log on credentials to access and obtain funds from a bank account). Rather, the offense appears to have been calculated to afford the defendant an advantage in negotiations relating to proposed business opportunities relating to gaming activity, which was under consideration by certain members of the tribe. (PSR ¶¶ 7-8). However, the victim in this case has alleged far-reaching collateral consequences, including the loss of substantial financial opportunities and damage to reputation resulting from the offense, as set forth in detail in the PSR. (PSR ¶ 14).

On October 31, 2016, the defendant waived indictment and pleaded guilty before Your Honor to a one-count information charging her with one count of unauthorized access of a protected computer in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(A), which is a misdemeanor. (PSR ¶ 1).

## II. Applicable Law Pertaining to Sentencing

The defendant faces a sentence of up to one year of imprisonment. See 18 U.S.C. § 1030 (c)(2)(A). In addition, the defendant faces up to one year of supervised release, or up to five years of probation. (PSR ¶ 70); 18 U.S.C. § 3561(c)(2). The maximum fine is $100,000. 18 U.S.C. § 3571(b). With respect to the specific sentence to be imposed in this case, it is settled law that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a

sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted).

Title 18, United States Code, Section 3553(a) provides that, in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant.

Section 3553 also addresses the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). "[I]n determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, [the Court] shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a).

It is well-settled that, at sentencing, "the court is virtually unfettered with respect to the information it may consider." United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988). Indeed, Title 18, United States Code, Section 3661 expressly provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence, considering all relevant facts.

## III. Guidelines Calculation

As set forth in the PSR, the defendants' Guidelines range term of imprisonment is between zero and six months. The Probation Department calculated the Guidelines range as follows:

| | |
|---|---|
| Base Offense Level: (§ 2B1.1(a)(2)) | 6 |
| Plus: intent to obtain personal information (§ 3A1.4(a)) | +2 |
| Less: Acceptance of Responsibility (§ 3E1.1(a)) | -2 |

Adjusted Offense Level: 6

The defendant has a Criminal History Category of I, and thus faces an advisory Guidelines range of between zero and six month's imprisonment. (PSR ¶¶ 29, 67). The Probation Department's Guidelines calculation is consistent with the estimate set forth in the plea agreement.

## IV. Sentencing Analysis

Here, there is no dispute that the applicable advisory Guidelines range is between zero and six month's imprisonment. In addition, the defendant is eligible for probation. (PSR ¶ 29, 67). A review of the 3553(a) sentencing factors tilts in favor of the imposition of a Guidelines range sentence, principally to promote respect for the law that protects the privacy of an individual's email communications. In addition, just punishment for a violation of Title 18, United States Code, Section 1030 may provide some measure of general deterrence to those who would seek to avail themselves of technology that allows the unauthorized access of online email services, enabling them to view the private communications stored in those accounts. Pursuant to the terms of the plea agreement in this case, the government respectfully requests that the Court impose a Guidelines range sentence and takes no position as to where within the range of zero to six months that sentence should fall.

**Conclusion**

For the reasons set forth above, the government respectfully requests that the Court impose a Guidelines range sentence of between zero and six month's imprisonment.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By: /s/
Seth D. DuCharme
Assistant U.S. Attorney
(718) 254-6021

cc Randi Chavis, Esq.
Linda Fowle, United States Probation Department